George Andrews, J.,
delivered the opinion of the Court.
Issue of devisavit vel non. A paper was propounded as the will of John Alexander. Verdict and judgment were rendered against the proponents.'
The paper propounded was witnessed by A. A. Massey and John G. Jacobs. Massey was dead at the time of the trial, and his signature and that of the testator, were proved. John G. Jacobs, the other attesting witness, was sworn as a witness upon the trial of the issue. He testified that he signed his name to the paper propounded, as a witness; but that he did not recollect that John Alexander was present; did not recollect who requested him to witness it. His recollection was, that J. G. Simms, who wrote the will, requested him to witness it; thinks John Alexander was not present. This witness was then asked, with particulars of time and place and circumstance, whether he did not say, on a certain occasion, that he had witnessed old man Alexander’s will, and signed it in his presence. This question, with others of like character, was objected to by the contestants, and the objection was sustained and the evidence excluded. This action, of the Court is assigned for error.
This witness was contradicted as to some material statements, by other testimony. It was proved that the will was written for the deceased, and at his request by Simms, and that the deceased delivered it to the custody of a friend, as his will. There was some testimony tending to show that the decedent was present' at *128 the time when Massey and Jacobs witnessed the will; but no witness testifies directly to that fact; and no witness, except Jacobs, testifies as to what took place at the time of the execution or attestation.
It is well settled that, if the attesting witnesses deny the due execution or attestation of the will, their testimony may be contradicted or disproved by other competent evidence, going to show that the will was, in fact, well executed and attested: Rose vs. Allen, 1 Cold., 23; Jones vs. Arterburn, 11 Hum., 97; Redfield on Wills, Pt. 1, p. 238; 1 Williams on Exrs., 88.
The right of the proponent to discredit the testimony of an attesting witness, by proof of previous statements contradicting his sworn testimony, has not, that we are aware of, been adjudicated in this State. We do not deem it necessary to enter upon an extended discussion of authorities upon this question, as we deem the right clear upon principle.
The rule is stated by Mr. Greenleaf, thus: "Where the witness is not one of the party's own selection, but is one whom the law obliges him to call, such as the subscribing witness to a deed, or a will, or the like, here he can hardly be considered as the witness of the party calling him; and therefore, as it seems, his character for truth may be generally impeached:” 1 Green. Ev., section 443.
The law requires the proponent to produce the attesting witness, if within his reach; and he cannot omit this, though he may know that the witness, when produced, will depose falsely. But he is not concluded by the testimony ..of the witness; and he may contradict his *129 statements, and show the real facts in regard to the execution and attestation of the will, by other evidence; as he is compelled by the rules of law to put this witness upon the stand, and has no option in the .matter, he does not, in so offering him to the Court, declare that he is worthy of credit; and as he may show by other evidence that the statements of the witness are false, it is not easy to see why he should be estopped from showing this by the natural and effectual method of proving his previous contradictory statements.
Whether the rule goes so far as to allow the proponent to impeach the general character of the attesting witness, it is not necessary now to determine; but we are satisfied that, in producing such a witness upon the trial, the proponent does not so indorse his testimony, or hold him out as worthy of credit, as to estop him from proving that his previous statements contradict his present testimony.
The jury may, in the absence of direct testimony, infer the due execution of the will from circumstantial evidence, and there is evidence in the record tending to prove the issue for the proponents — its weight we do not discuss. The evidence offered by them was material, and the Court erred in rejecting it.
Judgment reversed, and new trial awarded.